IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| COURTNEY WHITE,    ) | |
|                   ) | |
|     Plaintiff,    ) | |
|                   ) | CIVIL ACTION NO. |
|     v.            ) | 2:17cv824-MHT |
|                   ) | (WO) |
| LT. TOTTY and OFFICER D. ) | |
| LEWIS,            ) | |
|                   ) | |
|     Defendants.   ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state inmate, filed this lawsuit claiming that the defendant correctional officers violated his Eighth Amendment rights by using excessive force against him. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motion for summary judgment should be granted as to plaintiff's claims for damages against defendants in their official capacities, and denied as to plaintiff's claims for damages against the defendants in their individual capacities and for injunctive relief in

their individual and official capacities.  Also before the court are defendants' objections to the recommendation.  After an independent and de novo review of the record, the court concludes that defendants' objections should be overruled and the magistrate judge's recommendation adopted.

Most of defendants' specific objections amount to an argument that their evidence is more persuasive than plaintiff's.  However, that is not the question the court must answer on summary judgment.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986).  "'As a general principle, a plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that

could not have possibly been observed or events that are contrary to the laws of nature.'" *Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019) (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)). While plaintiff's evidence suffers from weaknesses that can be brought out at trial, those weakness do not rise to the level of "blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law." *Id*.

Moreover, contrary to defendants' argument, their evidence does not conclusively establish that plaintiff was on drugs at the time of the incident and was not having a seizure as he claimed, or that they did not use excessive force against him. While the drug test results are circumstantial evidence that plaintiff's behavior was a result of drug use rather than a seizure, the test results are not conclusive proof that he was intoxicated on drugs at the moment of the alleged beating: positive drug tests typically indicate

3

use within a certain period of days or weeks, not at a particular moment.  In addition, evidence supports plaintiff's contention that during the events in question, he was prescribed medication for a seizure condition and was not taking it properly.  *See* Certified Redacted Prison Records (doc. no. 7-3) at 10 ("Nurse Miller advised Lt. Totty that inmate White is prescribed seizure medication and hasn't been taking it properly.").  And, of course, even if plaintiff was using drugs at the relevant time, that would not preclude the possibility that defendants used excessive force against him.\*

As to the contention that plaintiff's injuries were superficial, "the use of excessive physical force against a prisoner may constitute cruel and unusual

---

\* **Moreover, there is circumstantial evidence in the record that could be viewed as undermining defendants' representations about their actions.  For example, they claimed never to have struck plaintiff in the face, but photographic evidence appears to show that after the encounter with defendants, he had a bright red contusion on the bridge of his nose.  *See* Certified Redacted Prison Records (doc. no. 7-3) at 12.**

4

punishment [even] when the inmate does not suffer serious injury." *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

    An appropriate judgment will be entered.

    DONE, this the 25th day of January, 2021.

                                    /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**